NOT FOR PUBLICATION
**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BOBBIE HENDERSON,** | Civil Action No. 21-4324 (CCC) |
| **Plaintiff,** | |
| v. | MEMORANDUM OPINION |
| **UNITED STATES,** | |
| **Defendant.** | |

**CECCHI, District Judge.**

This matter comes before the Court on the prisoner civil rights complaint (ECF No. 1) brought by Plaintiff Bobbie Henderson, who alleges that he is a federal pre-trial detainee confined in the Essex County Correctional Facility, and seeks to raise claims against the United States arising out of alleged violations of his speedy trial rights resulting from this Court's COVID-related standing orders, as well as various restrictive jail conditions to which he has been subjected as a result of his continued pre-trial detention. Also before the Court is Plaintiff's application to proceed *in forma pauperis*. Document 1 attached to ECF No. 1. Because Plaintiff's application shows that he is entitled to proceed *in forma pauperis*, that application shall be granted.

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil

1

Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege

2

sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

In his complaint, Plaintiff seeks to raise civil rights claims against a single named Defendant – the United States.[1] The United States, however, is not subject to suit for constitutional torts, including the civil rights[2] claims Plaintiff seeks to raise, and is entitled to absolute sovereign immunity in this matter. *See, e.g., F.D.I.C. v. Meyer*, 510 U.S. 471, 476–77, 484–85 (1994) (the United States is immune from suit for constitutional torts, and *Bivens* provides no cause of action against the United States or its agencies); *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 687 (1949) (sovereign immunity bars suit against the United States either for damages or for injunctive relief requiring government action); *United States v. Rural Elec. Convenience Co-op. Co.*, 922 F.2d 429, 434 (7th Cir. 1991) (sovereign immunity bars suits seeking damages or coercive injunctive relief); *Scott v. Manenti*, No. 15-7213, 2016 WL 80640, at *1 n. 2 (D.N.J. Jan.

---

[1] Although Plaintiff explicitly names only one Defendant – the United States – Plaintiff does mention federal judges in his complaint and, by implication, their role in adopting the allegedly unconstitutional standing order.  To the extent that Plaintiff intends to raise claims against the judges of this Court or the Third Circuit Court of Appeals, they are absolutely immune from suit and any claim Plaintiff may have against these judges is dismissed with prejudice.  *See, e.g., Figueroa v. Blackburn*, 208 F.3d 435, 440–41 (3d Cir. 2000) ("[J]udges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.").

[2] Although Plaintiff states that his claims arise out of a litany of different state and federal civil rights statutes, as well as the Supreme Court's decision in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 397 (1971), because he seeks to raise claims only against the United States, which operates under color of federal law rather than state law, only *Bivens* could provide for such an action.  While the Court need not reach the issue at this time in light of the United States' immunity from suit, the Court notes that the Supreme Court has cautioned against expanding the *Bivens* remedy into new contexts absent compelling reasons, and even were the United States not immune, Plaintiff's claims may also be beyond the scope of *Bivens*.  *See Ziglar v. Abbassi*, 137 S. Ct. 1843 (2017).

7, 2016). Plaintiff's civil rights claims against the United States must therefore be dismissed with prejudice.[3]

Although the dismissal of the sole Defendant is sufficient to resolve Plaintiff's complaint, the Court notes one additional issue. In addition to money damages, Plaintiff seeks both the award of additional jail credits towards any sentence he may ultimately receive as well as to challenge the legality of his current pre-trial detention in light of the Speedy Trial Act. A civil rights action, however, may not be used to challenge the fact or length of a prisoner's detention. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] . . . prisoner's [civil rights] action is barred (absent prior invalidation [of his period of detention]) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal [disciplinary] proceedings) – *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration."); *Edwards v. Balisok*, 520 U.S. 641, 643-48 (1997) (award or restoration of additional jail credits in civil rights action would impugn validity of length of detention). Because Plaintiff alleges that he is a pre-trial detainee, and because courts in this circuit generally decline to exercise pre-trial habeas jurisdiction, to the extent Plaintiff seeks to raise a speedy trial challenge to his detention or to seek additional jail credits towards his sentence, he must do so through a motion filed in his underlying criminal matter. *See, e.g., Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 246–47 (3d Cir. 2018).

In conclusion, Plaintiff's application to proceed *in forma pauperis* (Document 1 attached to ECF No. 1) is **GRANTED**, and Plaintiff's claims against the United States are **DISMISSED WITH PREJUDICE**. An appropriate Order follows.

---

[3] Because Plaintiff could conceivably raise at least some of his claims for money damages or non-credit injunctive relief against a defendant who is not immune, Plaintiff is free to file a new complaint to the extent that he has claims against any non-immune defendants.

**DATED**:  February 7, 2022

                                                s/ Claire C. Cecchi
                                          **Claire C. Cecchi, U.S.D.J.**